UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-00086 |
| | ) | JUDGE CAMPBELL |
| DEBRA R. BROWN | ) | |

MEMORANDUM AND ORDER

Pending before the Court is the Defendant's Motion For Reduction In Sentence And Request For Hearing Pursuant To Fair Sentencing Act And 18 U.S.C. § 3582(c)(2) (Docket No. 91). The Government has filed a Response (Docket No. 95) to the Motion, and the Defendant has filed a Reply (Docket No. 96) in support of the Motion.

Through the Motion, the Defendant requests that the Court reduce her sentence from 240 months to 120 months, pursuant to 18 U.S.C. § 3582(c)(2), the Fair Sentencing Act of 2010 ("FSA"), and an amendment to the United States Sentencing Guidelines that lowered the base offense level for individuals convicted of offenses involving cocaine base, or crack. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> * * *
>
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Defendant pled guilty to distribution of 50 grams or more of crack cocaine to a

person under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1) and 859. (Docket Nos. 45, 50, 51). Based on the quantity of drugs involved, as well as a prior felony drug conviction, the Court determined at sentencing that the mandatory minimum sentence of 240 months, or 20 years, set forth in 21 U.S.C. §§ 841(b)(1)(A) and 859 applied, and sentenced the Defendant accordingly. (Docket Nos. 51, 61). The Judgment was entered on November 18, 2002. (Id.)

Through the Fair Sentencing Act of 2010 ("FSA"), Congress reduced the crack cocaine to powder cocaine ratio from 100-to-1 to 18-to-1. Dorsey v. United States, ___ U.S. ___, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012). To implement that change, Congress amended several statutes to increase the amount of cocaine base, or crack, needed to trigger a mandatory minimum sentence. See United States v. Turner, 2012 WL 171392 (6th Cir. Jan. 23, 2012). Under the amended statute, 28 grams or more of cocaine base would carry a 10-year mandatory minimum sentence for a defendant with a prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(B)(iii). Thus, if the Defendant were sentenced today, she would be subject to a 10-year mandatory minimum sentence rather than a 20-year mandatory minimum sentence. The FSA took effect on August 3, 2010. Dorsey, 132 S.Ct. at 2329.

Through the FSA, Congress also directed the Sentencing Commission to amend the Sentencing Guidelines to reflect a lower crack-to-powder ratio. Dorsey, 132 S.Ct. at 2328-29. Through Amendment 750 to the Sentencing Guidelines, which became effective on November 1, 2011, the Sentencing Commission lowered the offense level for cocaine base, or crack, set forth in Sentencing Guideline Section 2D1.1, and through Amendment 759 to Sentencing Guideline Section 1B1.10(c), that change was made retroactive. As the Court has already ruled in this case, however, the statutes that imposed the mandatory minimum sentence are not affected by

2

the change in the crack cocaine sentencing guideline, and therefore, Defendant's sentence was not based on a sentencing range that has been subsequently lowered for purposes of 18 U.S.C. § 3582(c)(2). (Docket No. 75). See U.S.S.G. § 1B1.10 App. Note 1(A); United States v. Stanley, 2012 WL 4014932 (6th Cir. Sept. 13, 2012).

The Defendant argues that new case law from the Supreme Court and the Sixth Circuit indicate that the FSA reductions in the mandatory minimum sentence scheme should be applied retroactively to reduce the Defendant's sentence, especially in light of her significant efforts at rehabilitation and self-betterment during her incarceration. The Defendant relies on the Supreme Court's recent opinion in Dorsey v. United States, supra, in which the Court held that the FSA penalty scheme applies to all offenders sentenced after the effective date of the Act, even if their offense conduct occurred before that date. The Defendant also relies on the Sixth Circuit's recent decision in United States v. Jackson, 678 F.3d 442 (6th Cir. 2012). In Jackson, the defendant pled guilty to a crack cocaine offense, but qualified as a career offender under the sentencing guidelines. The district court, however, chose to sentence the defendant below the career offender guideline range to a sentence that fell within the range that would have applied had the crack cocaine guideline determined the applicable range. The Sixth Circuit determined that the defendant was eligible for re-sentencing under the amended crack cocaine guideline because the sentence was "based on" the crack cocaine guideline rather than the career offender guideline.

Neither Dorsey nor Jackson, however, hold that the FSA penalty scheme should be applied retroactively to a defendant who was sentenced prior to the effective date of the Act. Indeed, in cases decided after Dorsey and Jackson, the Sixth Circuit has specifically held that the

FSA does not apply to defendants sentenced before its enactment. United States v. Hollins, 2012 WL 5477119, at *2 (6th Cir. Nov. 13, 2012)("The FSA does not apply to Hollins because he was sentenced prior to the statute's effective date. *See Dorsey v. United States. . .*"); United States v. Mundy, 2012 5200363, at *1 (6th Cir. Oct. 22, 2012)(". . . [W]e have repeatedly rejected the assertion that the Act applies retroactively to sentences imposed prior to the Act's effective date."); Stanley, supra, at *3 ("The [*Dorsey*] decision did not, however, extend the benefits of the FSA to offenders who were sentenced prior to August 3, 2010."); United States v. Allen, 481 Fed. Appx. 248 (6th Cir. July 26, 2012)("Unfortunately for Defendant, *Dorsey's* holding does not apply. . ." to a defendant who was sentenced several weeks prior to FSA's effective date); United States v. Finley, 2012 WL 2505630 (6th Cir. June 29, 2012)(Relying on Dorsey, court holds that FSA does not apply to a defendant whose appeal was pending when the FSA was enacted).

The Court is not unmindful of the Defendant's arguments that she has made extraordinary efforts toward rehabilitation and personal growth while incarcerated, and that the effect of failing to apply the FSA retroactively to her is unfair, but the Court is bound by the Sixth Circuit's decisions on the issue. Accordingly, Defendant's Motion For Reduction In Sentence And Request For Hearing Pursuant To Fair Sentencing Act And 18 U.S.C. § 3582(c)(2) (Docket No. 91) is DENIED.

It is so ORDERED.

                                              *Todd Campbell*
                                            TODD J. CAMPBELL
                                            UNITED STATES DISTRICT JUDGE